By the Court.—Monell, J.
The decision of this motion at the Special Term was put upon the ground of want of power at the present stage of the action to grant an extra allowance of costs, and not that it was not a proper and suitable case for an allowance, ffo question of discussion is therefore involved, and we are asked to review the order on the sole ground stated.
On that ground the order is appealable.
It is understood that the extra allowance asked for was to be a part of the costs required to be paid as a condition of being permitted to answer, and not as costs to be included in the final judgment.
The Code (§ 303) provides that there may be allowed to the prevailing party, upon the judgment, certain sums, by way of indemnity, for his expenses in the action, which allowances are in the act termed costs.
Section 304 prescribes the costs, allowed, of course, to a plaintiff, upon a recovery in certain specified actions. And section 307 prescribes the rate of costs.
Then follows section 308, which provides, that, in addition to the foregoing allowances of costs, there shall be allowed to the plaintiff in certain specified actions a *216 certain percentage upon the recovery, and (§ 309) “in difficult and extraordinary cases, where a defence has been interposed, or in such cases where a trial has been had, the court may also, in its discretion, make a further allowance to any party of,” etc. And the clerk is required (§ 311) to insert in the entry of judgment the sum of the allowances of costs, as provided.
I think the fair construction' of the Code is, that the extra allowances of costs are to be a part of the final costs in the action, and as such are to be inserted in the entry of judgment. It was not designed to give them at any stage of the proceedings where the court might impose the payment of costs as a condition. Such costs are particularly specified in the section, fixing the rate recoverable, and follow of course to the party entitled, and require no order of the court.
To authorize the allowance in any case, there must be a defence interposed, or a trial had. There may be a variety of trials. An examination by the court of the questious of law, is a trial (Place v. Butternuts W. & C. Manf. Co., 28 How. P. R. 184) as well as the determination of questions of fact by a jury. Therefore, for the purpose of securing a trial fee, the argument of a demurrer to a pleading is a trial immediately within the codifiers’ definition, being a judicial examination of the issues (whether of law or fact) between the parties (Code, § 252).
But th,e trial, whatever it may be, and at what stage soever it may be had, must result in a final judgment in favor of the successful party; that is, it must dispose of the issues in such a manner that a final judgment can be rendered, before the successful party can claim an extra allowance of costs. If there is anything which can arrest the entry of final judgment, reserved to the defeated party, it cannot be said, until that right terminates, that the trial has resulted in a final judgment.
Therefore, where a new trial is granted, an extra *217 allowance, made on the first trial, cannot he secured. It falls with the reversal of the judgment.
It was not intended, I think, to make more than one extra allowance to the same party in any action. If the design was otherwise, it seems to me that the sections would have heen more specific, and would have provided for the application at different stages of the proceedings. In which case, the provision requiring the clerk to insert the allowances in the entry of judgment, would have heen omitted.
There are several decisions holding that extra allowances can he allowed only on a judgment (Hicks v. Waltermire, 7 How. Pr. R. 370; McQuade v. N. Y. & E. R. R. Co., 11 Id. 434; Bostwick v. Tioga R. R. Co., 17 Id. 456).
In McQuade v. N. Y. & E. R. R. Co. (supra), the plaintiff had a verdict, and was granted an extra allowance. A motion for a new trial was denied, and judgment entered. The defendant appealed, and a new trial was granted, on condition that defendant “paid the costs of the second trial.” It was held hy this court, at General Term, that the extra allowance was no part of the costs required to he paid.
But Bostwick v. Tioga R. R. Co. (supra), a General Term decision of the Supreme Court decides that the allowance can he given only upon recovery of judgment.
But it is claimed in the case before us, that hy the decision of the Court of Appeals, and the entry of the remittitur in this court, the plaintiff has obtained a judgment. I do not, however, so regard it. That court has ordered judgment for the plaintiff, unless, etc. If the defendant avails himself of the permission to answer, then there will he no judgment whatever, and the case will stand to he tried hereafter, upon the issues between the parties.
Upon the construction of the Code, therefore, that there must he a recovery of judgment to authorize the *218 ■ extra allowance, the motion in this case was premature. If the defendant complies with the condition imposed, of paying costs and answering, then there is no such recovery of judgment as is contemplated in cases of actual judgment. Any other construction would give to the plaintiff, in the present stage of the case, such an allowance, estimated by the amount involved in the controversy, as the court in its discretion might award; and at the end of the litigation, the right to another allowance would not be impaired.
I think the decision of the judge at Special Term was correct, and that the order should be affirmed, with costs,